FILED
1999 DEC 30  PM 12: 46
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MARK L. MUNGALL, | }<br>} |
| Plaintiff, | }<br>} |
| v. | }  CIVIL ACTION NO.<br>} |
| | }  99-AR-2987-M |
| HOMES OF LEGEND, INC., et al., | }<br>}<br>} |
| Defendants. | } |

ENTERED
DEC 30 1999

### MEMORANDUM OPINION

The court has for consideration the motion of defendant, Grand Housing, Inc., to compel arbitration. Plaintiff, Mark L. Mungall, has submitted a brief in opposition to said motion, together with an affidavit. Grand Housing's motion was orally argued at this court's regular motion docket on December 17, 1999.

The court does not agree with Mungall's first contention, namely, that binding arbitration violates the Seventh Amendment's guarantee of trial by jury. When interstate commerce is involved, the public policy enshrined in the Federal Arbitration Act is well established, like it or not. The arbitration provision here invoked by Grand Housing is enforceable, that is, if it were being challenged only as a matter of constitutional law. Neither is it subject to challenge as being the product of Mungall's inferior bargaining position.

The court agrees, however, with Mungall's second argument,

1

namely, that that there is a **statutory** barrier to mandatory, binding arbitration in this case. This court's position on this subject was outlined on December 7, 1999, in *Abramson v. Roberts*, CV-99-AR-2910-S, wherein this court agreed with *Wilson v. Waverlee Homes, Inc.*, 954 F. Supp. 1530 (N.D. Ala. 1997), that the Magnuson-Moss Act expressly preserves a judicial forum for alleged violations of warranties to consumers, and overrides what otherwise would be an enforceable arbitration agreement. What the Seventh Amendment cannot accomplish, Magnuson-Moss did accomplish in this case. This court rejects Grand Housing's argument to the effect that *Boyd v. Homes of Legend, Inc.*, 981 F. Supp. 1423 (N.D. Ala. 1997), provides an exception to *Waverlee Homes* under the circumstances of the present case. The whole matter is further complicated by the fact that Grand Housing's motion refers to the **written** "warranty" furnished to Mungall by co-defendant, Homes of Legend, Inc.. This written warranty contains its own purported mandatory arbitration provision. It is thus even more clearly precluded by Magnuson-Moss than is Grand Housing's arbitration provision.

Lastly, the court agrees with Mungall that *Randolph v. Green Tree Financial Corp.-Alabama*, 178 F.3d 1149 (11th Cir. 1999), provides him another escape route from this particular arbitration provision. *Randolph* is not inconsistent with *Green Tree Financial Corp. of Alabama v. Wampler*, 1999 W.L. 667292, ___ So. 2d. ___

2

(Ala. 1999), which represents the Alabama Supreme Court's latest effort to get a grip on arbitration clauses. The two separate documents referred to by Grand Housing in its motion to compel arbitration are irreconcilably inconsistent. The "Agreement for Binding Arbitration" executed on April 15, 1999, by Mungall in favor of Grand Housing provides that buyer and seller will engage in binding arbitration "in accordance with the applicable Rules of the Better Business Bureau that are in effect," and that the agreement "inures to the benefit of the **manufacturer** [Homes of Legend, Inc.] of the said mobile home insofar as any claims may exist or hereinafter arise against the manufacturer, including but not limited to, enforcement of warranties, whether expressed or implied." (emphasis supplied). Yet, the warranty agreement executed by Homes of Legend expressly describes the exclusive method for resolving all controversies between it and Mungall as by the rules of the American Arbitration Association and not by the rules of the Better Business Bureau. Grand Housing's motion even quotes the following language from Homes of Legend's contract:

> [A]ny unresolved controversy, claim or dispute arising from or relating to this contract, or breach thereof, and any claim based on or arising from an alleged tort, shall be settled by arbitration administrated the American Arbitration Association...

Assuming *arguendo* that Magnuson-Moss does not preclude binding arbitration of Mungall's claims, *Randolph* stands in the way because Mungall and this court are faced with equivocal and contradictory

3

arbitration provisions. Arbitration can be a substitute for a judicial forum only if it is fair and understandable. That is not the case here. For aught appearing, the cost to Mungall of obtaining a resolution of his claims by arbitration would be considerably more than the cost of resolution in this court. An arbitration clause, in order to pass muster under *Randolph*, must provide an exposure to cost by the claimant that is not seriously higher than the cost of access to court.

An order denying Grand Housing's motion to compel arbitration will be separately entered.

DONE this 30th day of December, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE