```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                          MIDDLE DIVISION

MARK L. MUNGALL,              }
                              }
     Plaintiff,               }
                              }         CIVIL ACTION NO.
v.                            }
                              }         99-AR-2987-M
HOMES OF LEGEND, INC., et     }
al.,                          }
                              }
     Defendants.              }
```

FILED
00 JAN 25 PM 2:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 25 2000

## MEMORANDUM OPINION

There are several facts, some more unique than others, bearing on the motion filed on January 12, 2000, by defendant, Homes of Legend, Inc. ("HOL"), asking this court for a stay and to compel the binding arbitration of the above-entitled case.

First and foremost, a virtually identical motion was filed by the other defendant, Grand Housing, Inc. ("GH"). It was denied before HOL entered its belated appearance. If HOL's motion were now granted, it would be necessary for the court to reverse itself and to order the binding arbitration of the entire case just as GH unsuccessfully demanded.

Second, if plaintiff, Mark L. Mungall ("Mungall"), had thought that HOL would demand arbitration after it had talked settlement past its deadline for responding to the summons and complaint, he might not have resisted GH's earlier demand for arbitration which would have been under the rules of the Better Business Bureau,

1

whose procedures are much less expensive and simpler than those of the American Arbitration Association as provided by HOL's purported arbitration agreement.

Third, HOL has waived its right to demand arbitration. Not only was it forgiven for its default by the unmerited grace of Mungall's counsel, but the order that precipitated Mungall's and HOL's joint motion to set aside the order dismissing the action as against HOL, expressly provided:

> If the "good-old-boy" who represents Homes of Legend, Inc., wishes to join plaintiff's "good-old-boy" in a motion to set aside this order and to reinstate the action as against it, simultaneously with the filing of an answer **that does not seek to compel binding arbitration**, the court will take a serious look at it (emphasis supplied).

This court either meant what it said or was joking. Apparently, HOL thought the latter. It was wrong. HOL's joinder in the motion to vacate and reinstate was an invitation to this court to overrule its simultaneously filed motion to compel arbitration. HOL's present motion clearly violates the unequivocal condition placed upon the court's consideration of a motion to vacate and reinstate.

Fourth, the alleged arbitration agreement upon which HOL relies was not executed by Mungall, whose signature appears only on the entirely separate arbitration agreement drafted and earlier relied upon by GH. A core principle of the law of contracts is that if the statute of frauds applies, the contract must be signed by the party to be charged. HOL cannot be heard to argue that an arbitration agreement need not be in writing in order to be

enforceable.  If such is its argument, and this court should agree with it, a brand new can of worms will open; everybody who wants to force arbitration will suddenly remember that the other party orally agreed to arbitration. This court may or may not agree with *Premiere Chevrolet, Inc. v. Headrick*, — So.2d ---, 1999 WL 1025304 (Ala. 1999), that an arbitration agreement must be signed by **both** parties in order to be enforceable.  This court does, however, hold that such an agreement must be signed by the party against whom the agreement is sought to be enforced if it is to be enforced against that party.  To take away a party's Seventh Amendment right to jury trial requires an unequivocal, written waiver by that party.

   Fifth, it is difficult, if not impossible, to find the requisite connection between the subject transaction and interstate commerce that would trigger HOL's invocation of the Federal Arbitration Act.  The mobile home in this case was manufactured in Alabama and was delivered in Alabama.  *See Rogers Foundation Repair, Inc. v. Powell*, --- So.2d ---, 1999 WL 1001220 (Ala. 1999); *United States v. Waters*, 850 F. Supp. 1550 (N.D. Ala. 1994).

   Sixth, this court adheres to its belief, expressed previously in this very case while denying GH's motion for compulsory arbitration, that claims under the Magnuson-Moss Act, such as Mungall's claims against GH and HOL, are not subject to mandatory binding arbitration, because of the express limitation set forth in

3

the Act itself.

Last, but not least, the arbitration agreement relied upon here upon by HOL, **if** it does not run afoul of the Magnuson-Moss Act limitation, and **if** it implicates interstate commerce, and **if** it can bind a person who never signed it, nevertheless is subject to more than one of the criticisms leveled at arbitration agreements by the Eleventh Circuit in *Randolph v. Green Tree Financial Corp. - Alabama*, 178 F.3d 1149 (11th Cir. 1999).[1] It is fatally defective on its face. It simply does not provide a forum that is a fair and functional equivalent of a jury courtroom.

For these separate and several reasons, HOL's motion will be denied by separate order.

DONE this 25th day of January, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] *See* Paul H. Haagen, *New Wineskins for New Wine: The Need to Encourage Fairness in Mandatory Arbitration*, 40 ARIZ. L. REV. 1039 (1998), and Richard E. Sperdel, *Consumer Arbitration of Statutory Claims: Has Pre-Dispute [Mandatory] Arbitration Outlived Its Welcome?* 40 ARIZ. L. REV. 1069 (1998).